**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EVERETT HOUCK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. CIV-05-1246-HE |
| | ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Everett Houck filed this action pro se against the Independent School District No. 89 of Oklahoma County, Oklahoma ("school district" or "district"), School Superintendent Bob Moore, school district employees Tim Bailey and Linda Scott, the Oklahoma City American Federation of Teachers ("AFT") and Ed Allen. The defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6), asserting that the court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.

The defendants contend the court lacks jurisdiction as the complaint does not allege diversity of citizenship jurisdiction or a federal question. In his response to the motions to dismiss, the plaintiff asserts that his action pertains to a complaint he filed with the National Labor Relations Board and consists principally of the school district revoking "comp time" he was given in lieu of overtime. He states that when he tried to pursue his claims in state court he was told it was a "federal matter."

When reviewing a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that constitutes a facial attack on the complaint's allegations, the court accepts

the allegations in the complaint as true. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). If the motion challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the complaint's factual allegations, but has discretion to allow and consider affidavits and other documents and to conduct a limited evidentiary hearing to resolve the disputed jurisdictional facts. *Id.* at 1003. When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003).

In his complaint the plaintiff alleges a dispute regarding his pay for the 2002-2003 school year. He asserts he has been unable to clarify his pay with the school district's payroll department and claims the district took back worker's compensation leave for which he was previously paid. He also alleges that his applications for short and long term disability have been unanswered and that he has not been notified of job openings for which he is qualified because he was on work restrictions at the time he was fired. The plaintiff seeks a job, an accounting of his pay, and disability payments.

Liberally construed, because of the plaintiff's pro se status, the complaint alleges breach of contract claims against the school board and the AFT[1] and a worker's compensation retaliation claim and/or a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. As the defendants note, the only basis for federal

---

[1] *As for the AFT, the court has interpreted the complaint as asserting that the union was nonresponsive to the plaintiff's request for assistance with his payroll dispute with the school district and his disability claims.*

jurisdiction alleged in the complaint consists of the plaintiff's ADA claim.[2]  They contend, however, that because the plaintiff failed to exhaust his administrative remedies with respect to his disability claim, he cannot rely on it to establish jurisdiction.  While the defendants admit the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging he was being denied recall because of a medical impairment,[3] he did not, they assert, file suit within 90 days of his receipt of a right to sue letter.  Attached to the school district's motion is the notice mailed by the EEOC on March 30, 2004 informing the plaintiff of his right to file a lawsuit based on the charge within 90 days.

The ADA requires a plaintiff to file an action within ninety days of the issuance of a right to sue letter.  *See* 42 U.S.C. §§ 12117(a);[4] 2000e-5(f)(1).  "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."  Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995).  Therefore, a motion seeking dismissal of an ADA claim for untimely filing is considered under Fed.R.Civ.P. 12(b)(6), rather than Rule 12(b)(1).  Barrett v. Rumsfeld, 2005 WL 3196750, at *2 (Nov. 30, 2005). *But see* Calvert v. Roadway Express, Inc., 2002 WL 234767, at * 1-2 (10th Cir. Feb.

---

[2]*AFT has submitted evidence demonstrating the parties are not diverse.  AFT's motion to dismiss, Exhibit 1.*

[3]*The plaintiff filed a charge of discrimination asserting both disability and age discrimination claims.  School district's motion to dismiss, Exhibit 2.*

[4]*Section 12117(a) of Title 42, U.S.C., adopts Title VII's filing deadline for ADA claims.*

19, 2002).[5]  Assuming the plaintiff has alleged a claim under the ADA in his complaint, he is granted **ten (10) days** within which to file a response brief that provides the court with a basis for concluding his lawsuit, filed more than a year after the right to sue notice was mailed, is  timely.  If the plaintiff challenges (1) the authenticity of the right to sue notice attached to the school district's motion to dismiss or (2) the assertion that diversity jurisdiction does not exist because the parties are all citizens of the State of Oklahoma, he is directed to do so in his supplemental response brief.

In his response to the defendants' motions, the plaintiff refers to a complaint he filed with the National Labor Relations Board.  That claim is not, however, referenced in the complaint filed in this court.  If it is plaintiff's intent to pursue such a claim here, the plaintiff may, within **ten (10) days**, file an amended complaint that includes it.  Otherwise, the court will decide, upon receipt of the plaintiff's supplemental brief, whether the plaintiff's ADA claim  is timely and whether it has subject matter jurisdiction over this litigation.  If jurisdiction exists, the court will then consider the defendants' alternative argument that the complaint fails to state a claim against them.

---

[5]_Barrett_ and _Calvert_ are cited for persuasive value only under 10th Cir. R. 36.3(B).

**IT IS SO ORDERED**.

Dated this 12th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE