**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EVERETT HOUCK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. CIV-05-1246-HE |
| | ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Everett Houck filed this action *pro se* against the Independent School District No. 89 of Oklahoma County, Oklahoma ("school district" or "district"), School Superintendent Bob Moore, school district employees Tim Bailey and Linda Scott, the Oklahoma City American Federation of Teachers ("AFT") and Ed Allen. The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6), asserting that the court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.

As noted by the court in its January 12, 2006, order, jurisdiction appears to be based on the plaintiff's assertion of a claim under the Americans with Disabilities Act ("ADA"). Diversity jurisdiction does not exist.[1] However, while the plaintiff filed a charge with the Equal Employment Opportunity Commission alleging disability discrimination, he failed to

---

[1] *Defendant Oklahoma City Federation of Teachers submitted evidence demonstrating that the parties are not diverse. The plaintiff was directed, if he challenged the defendant's assertion that diversity jurisdiction does not exist because the parties are all citizens of the State of Oklahoma, to address the issue in a supplemental response brief that was to be filed within ten days of the court's January 12, 2006 order. A brief was not filed. See infra note 5.*

file suit with 90 days of his receipt of a right to sue letter.[2] The court directed the plaintiff, if he alleged a claim under the ADA in his complaint,[3] to file a response brief demonstrating that his ADA claim, which was filed more than a year after the right to sue notice was mailed, was timely.[4] The plaintiff also was directed, if he intended to pursue a claim related to a complaint he filed with the National Labor Relations Board, to file an amended complaint that included it. The court deferred ruling on the defendants' motions until the plaintiff had amended his complaint and/or filed a supplemental brief.

The plaintiff then filed an amended complaint in which he states that his claim pertains to overtime he accrued from September 2000, through October 2002. He alleges he was given comp time in lieu of overtime, but was advised in August, 2004, that the school district had decided not to honor its comp time. Despite his union membership the AFT failed, he asserts, to pursue his claim.

In his amended complaint the plaintiff also contends that the deadline for filing his ADA claim should be extended or tolled because the district has failed to respond to his inquiries about being rehired and his discovery requests.[5] Neither reason is sufficient to

---

[2] *"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."* Million v. Frank, *47 F.3d 385, 389 (10th Cir. 1995).*

[3] *The court had liberally construed the complaint to include an ADA claim.*

[4] *The plaintiff does not challenge the authenticity of the right to sue notice attached to the school district's motion to dismiss or otherwise dispute the defendant's assertion that his complaint was filed more than ninety days after he received the EEOC's notice of his right to sue.*

[5] *In lieu of filing a separate brief, the plaintiff addressed the issue of the timeliness of his ADA claim in his amended complaint.*

warrant equitable tolling of the 90 day filing period. *See* Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir.1994) ("In this circuit, a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements."). *See also* Million v. Frank, 47 F.3d 385, 389 (10th Cir 1995) (("Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights....'") (quoting Carlile v. South Routt Sch. Dist. RE 3-J, 652 F.2d 981, 985 (10th Cir.1981)); Barrett v. Rumsfeld, 2005 WL 3196750, at *3 (Nov. 30, 2005) (equitable tolling not warranted when plaintiffs "pointed to no active deception on the part of defendants or any extraordinary impediments to the assertion of their rights.").[6] As the plaintiff also has not shown that "questions of waiver or estoppel are present under these facts," Jarrett, 22 F.3d at 260, his ADA claim is untimely and will, therefore, be dismissed. Fed.R.Civ.P. 12(b)(6).[7]

As amended and liberally construed, due to the plaintiff's pro se status, the complaint now asserts a breach of contract claim against the school board and an unfair representation claim against the AFT.[8] Those defendants are directed to answer or otherwise respond to the amended complaint, *see* Fed.R.Civ.P.12, by **Monday, February 6, 2006**. As neither the

---

[6]Barrett is an unpublished opinion cited for persuasive value only under 10th Cir. R. 36.3(B).

[7]*A motion seeking dismissal of an ADA claim for untimely filing is considered under Fed.R.Civ.P. 12(b)(6), rather than Rule 12(b)(1).* Barrett, *2005 WL 3196750, at *2.*

[8]*With respect to the AFT, the court interprets the complaint to allege that the union failed to assist the plaintiff with his payroll dispute with the school district.*

complaint nor amended complaint contains allegations stating a claim against the individual defendants Ed Allen, Bob Moore, Tim Bailey and Linda Scott, their motions to dismiss [Doc. Nos. 14 and 16] are **GRANTED** and the case **DISMISSED** as to them.

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE